IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>DANIEL JOSEPH CARLTON,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION<br><br>Case No. 2:14-CR-97 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Sentence Reduction. For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

Defendant was charged with credit union robbery in February 2014. Defendant pleaded guilty and was sentenced to a term of 120 months' imprisonment. At the time of the offense, Defendant was on supervised release for two other bank robbery convictions. Defendant has a projected release date of September 12, 2022. Defendant has filed the instant Motion seeking a sentence reduction.

II. DISCUSSION

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[1]  18 U.S.C. §

---

[1] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (citations omitted).

3582(c)(1)(A) allows the Court to modify a term of imprisonment under certain circumstances. Relevant here,

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

Where, as here, a defendant has fully exhausted his administrative rights, the Court may reduce a defendant's term of imprisonment where: (1) "extraordinary and compelling reasons" warrant a sentence reduction; (2) the sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with the Court's consideration of the 18 U.S.C. § 3553(a) factors.[2]

Defendant contends that his age and medical conditions provide extraordinary and compelling reasons for his release. The Court notes that Defendant is 74 years old and suffers from cataracts. However, Defendant's medical records confirm that he has received adequate care, including surgery, to address his ailments and is otherwise in relatively good health. Under these circumstances, the Court cannot conclude that Defendant has presented extraordinary and compelling reasons for a sentence reduction.

Even assuming Defendant's age and medical conditions qualify as extraordinary and compelling reasons for a sentencing modification, he still must show that a sentence modification

---

[2] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

is warranted under the 18 U.S.C. § 3553(a) factors.[3] The Court's consideration of the §3553(a) factors confirms that release is not appropriate. The offense was serious. Defendant robbed a credit union. During the robbery, Defendant stated that he had a handgun and threatened to kill the teller and her co-workers unless she provided a specific sum of money. The victim impact statement reveals the devastating affect Defendant's crime had on this individual. The sentence Defendant received reflects the seriousness of his conduct.

That sentence is also necessary to provide deterrence to this Defendant and to protect the public. Defendant has a long history of criminal conduct and was on supervised release for two other bank robbery convictions at the time he committed this offense. Defendant engaged in this criminal conduct despite his age and health conditions. Therefore, the Court concludes that release is not appropriate under the relevant factors.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Sentence Reduction (Docket No. 37) is DENIED.

DATED this 18th day of October, 2021.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[3] 18 U.S.C. § 3582(c)(1)(A); *see also McGee*, 992 F.3d at 1042.